AMBROSE SCHALL, Respondent, *v.* SCHWARTZ & CO., INC., Appellant.

Second Department, May 11, 1917.

Evidence — action to reform written lease — testimony showing mistake of stenographer.

In an action involving the reformation of a lease by changing the word "disposed" to the word "dispossessed," upon the ground that a stenographer had erroneously written the former word although the latter word had actually been dictated, it was reversible error for the court to exclude testimony offered to show the word actually dictated where the objection to the evidence was specifically based solely upon the ground that it tended to vary the terms of a written instrument.

The party seeking the reformation of the writing had the right to show that, owing to such clerical error, the writing did not express the real agreement of the parties.

REARGUMENT of an appeal by the defendant, Schwartz & Co., Inc., from part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of March, 1916, upon the verdict of a jury rendered by direction of the court.

*Abraham H. Sarasohn,* for the appellant.

*Almet R. Latson, Jr.,* for the respondent.

THOMAS, J.:

When a lease was made, $1,000 was deposited " as security for the faithful performance of the terms, covenants and conditions " in the lease, with the agreement that it should be kept by the landlord as liquidated damages upon the happening of either of two events: (1) if the tenant surrendered the premises, or (2) if the tenant " disposes thereof prior to the expiration of this lease." The tenant was dispossessed for non-performance. By the strict reading of the lease, the landlord was not entitled to keep the money, and this court so decided upon an appeal from a judgment for the plaintiff in an action to recover the deposit. (177 App. Div. 760.) But it was also decided that the defendant could show that the clause, " disposes thereof prior to the expiration of this lease," was a clerical error in drawing the lease and hence not in accordance with the agreement, which defendant asserts required the reading " or dispossessed there from prior to the execution of the lease." Defendant tendered testimony of Hartman, who drew the lease, concerning a conversation with the lessee's father, and the father also was questioned concerning a conversation with Hartman and to hearing his dictation of the lease. The probable intention was to show that the agreement which Hartman undertook to dictate to the stenographer was in accord with defendant's present contention, and that Hartman so dictated it, but that error resulted. The evidence was excluded and the ruling was sustained by this court, as it did not appear that the lessee's father had authority to represent her either in making the

agreement or in reducing it to writing. But upon reargument it is urged that the plaintiff's objection to the testimony was not directed against the lack of relation of the father to the transaction, but to the inadmissibility of the evidence itself, in that it is incompetent to try to prove that a written recorded instrument is not what it shows. The objection was equivalent to assertion that the face of the instrument must be accepted, and that oral testimony of error in reducing the true agreement to writing was not admissible by whomsoever provable. As the plaintiff's counsel progressed with the inquiry the same objections continued, and finally this happened: "Q. Did you hear Mr. Hartman, the lawyer, dictate to the stenographer this clause, and did you hear him dictate the words: 'If the party of the second part surrenders said premises, or is dispossessed thereof?' Mr. Latson: I object to that. Objection sustained; defendant excepts. Mr. Sarasohn: The ground of the objection is we are trying to vary a written instrument, but we cannot correct a clerical error. Mr. Latson: No, sir. It is incompetent, irrelevant, immaterial and tending to vary a written instrument." I think that the plaintiff's counsel intended to bar all evidence tending to show error in the embodiment of the agreement in its final typewritten form, and that the court excluded all evidence with purpose to sustain the objection in its full scope. For this reason the judgment should be reversed and a new trial granted, but as the defendant cannot be regarded as free from fault in the matter there should be no costs of this appeal to either party.

JENKS, P. J., STAPLETON, RICH and BLACKMAR, JJ., concurred.

Judgment reversed on reargument and new trial granted, without costs of this appeal to either party.